Nash, J.
 

 We concur with his Honor in the opinion appealed from. The plaintiff filed her petition to procure an apportionment of dower in the land set forth in it. She states, that she is the widow of John Thomas, who was the son of the defendant, and that he died seized and possessed of the land described in the petition. The defendant filed a special plea, setting forth, that his son, John, was not, at the time of his death, seized and possessed of the land in controversy, but that he was. On the trial of the issue joined between the parties, the plaintiff offered to prove, after notice to the defendant to pro' duce it, that the defendant had made and executed to his son, John, then her husband, a deed of conveyance in fee simple for the land ; that it was duly delivered and remained in his possession up to the time of his death, when the defendant obtained possession of it and it has not been since seen. The case shows that the deed never
 
 *125
 
 was registered. This testimony was rejected. The proceeding in this case is at law, to establish a legal right. The testimony rejected was not competent to that purpose. The husband, John Thomas, never was seized and possessed of the land, but, at the time of his death, had only an incomplete legal title.
 
 Morris
 
 v.
 
 Ford,
 
 2 Dev. Eq. 418. If a widow be entitled to dower in land, to which the title of her husband was, at the time of his ' death, in that state, she can not recover it at law, because, being incomplete at law, she cannot give legal evidence of his seisin. It may be, that she may have relief in Equity, as her husband would have had.
 
 Tolar
 
 v.
 
 Tolar.
 
 1 Dev. Eq. 456. The Equity, in that case, would be, not in the nature of the right, but to have the benefit of the legal title, which has been lost by spoliation. The relief is, a reconveyance with covenants
 
 against
 
 intermediate incumbrances, or acts of the party making it.
 
 Tate
 
 v.
 
 Tate,
 
 1 Dev. & Bat. Eq. 23.
 

 Per Curiam
 

 Judgment affirmed.